IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CRAIG HARRIS**                                                                                      **PETITIONER**

**V.**                                                  **NO. 3:21-CV-249-DMB-DAS**

**COMMISSIONER BURL CAIN**                                         **RESPONDENT**

## ORDER

On December 9, 2021, Craig Harris filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. Because Harris' initial petition did not include the first page of this district's standard form, he supplemented the petition on March 17, 2022. Doc. #4.

On May 4, 2022, after being ordered to respond,[1] the State filed a motion to dismiss Harris' petition with prejudice as untimely and, alternatively, as procedurally defaulted. Doc. #8. Harris did not respond to the motion. Over four months later, the State filed a supplement to its motion to dismiss to address the Fifth Circuit's decision in *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022). Doc. #10. Harris again did not respond.

On January 5, 2023, United States Magistrate Judge David A. Sanders issued a Report and Recommendation ("R&R") recommending that the State's motion be granted and Harris' petition dismissed with prejudice as untimely and procedurally defaulted. Doc. #11. No objections to the R&R were filed and the time to do so has passed.

"With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record."

---

[1] Doc. #5.

*Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)). The Court has reviewed the R&R and finds no plain error on the face of the record. Accordingly, the R&R [11] is **ADOPTED** as the order of this Court; the State's motion to dismiss [8] is **GRANTED**; and Harris' petition for a writ of habeas corpus [1], as supplemented [4], is **DISMISSED with prejudice**. Based on the criteria announced in *Slack v. McDaniel*, 529 U.S. 473 (2000),[2] a certificate of appealability is **DENIED**.

    **SO ORDERED**, this 24th day of January, 2023.

                                                  /s/Debra M. Brown
                                                  **UNITED STATES DISTRICT JUDGE**

---

[2] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.